

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

COMPLAINT UNDER CIVIL RIGHTS ACT 42 U.S.C. § 1983

Action Number
(To be supplied by the Clerk, U.S. District Court)

Please fill out this complaint form completely. The Court needs the information requested in order to assure that your complaint is processed as quickly as possible and that all your claims are addressed. Please print/write legibly or type.

I. **PARTIES**

A. Plaintiff:

1. (a) Julius Lamart Hodges (b) 08-00890
    (Name) (Inmate number)
   (c) 9320 Lee Avenue
    (Address)
    Manassas, Virginia 20110

**Plaintiff MUST keep the Clerk of Court notified of any change of address due to transfer or release. If plaintiff fails to keep the Clerk informed of such changes, this action may be dismissed.**

Plaintiff is advised that only persons acting under the color of state law are proper defendants under Section 1983. The Commonwealth of Virginia is immune under the Eleventh Amendment. Private parties such as attorneys and other inmates may not be sued under Section 1983. In addition, liability under Section 1983 requires personal action by the defendant that caused you harm. Normally, the Director of the Department of Corrections, wardens, and sheriffs are not liable under Section 1983 when a claim against them rests solely on the fact that they supervise persons who may have violated your rights. In addition, prisons, jails, and departments within an institution are not persons under Section 1983.

B. Defendant(s):

1. (a) Col. Pete Meletis (b) Superintendent (official capacity)
    (Name) (Title/Job Description)
   (c) 9320 Lee Avenue
    (Address)
    Manassas, Virginia 20110

2. (a) Cpt. Allen West (b) Inmate Classification
   (Name) (Title/Job Description)
   (c) 9320 Lee Avenue (official capacity)
   (Address)
   Manassas, Virginia 20110

3. (a) Lt. Wanda Creighton (b) Work Release Manager
   (Name) (Title/Job Description)
   (c) 9320 Lee Avenue (official capacity)
   (Address)
   Manassas, Virginia 20110

If there are additional defendants, please list them on a separate sheet of paper. Provide all identifying information for each defendant named.

**Plaintiff MUST provide a physical address for defendant(s) in order for the Court to serve the complaint. If plaintiff does not provide a physical address for a defendant, that person may be dismissed as a party to this action.**

II. **PREVIOUS LAWSUITS**

A. Have you ever begun other lawsuits in any state or federal court relating to your imprisonment? Yes [✓]  No [ ]

B. If your answer to "A" is Yes: You must describe any lawsuit, whether currently pending or closed, in the space below. If there is more than one lawsuit, you must describe each lawsuit on another sheet of paper, using the same outline, and attach hereto.

  1. Parties to previous lawsuit:

  Plaintiff(s) Julius Lamart Hodges
  Defendant(s) Andy Massey, Michelle Hoyle, OFC. Martin, Sheriff Lowell Griffen

  2. Court (if federal court, name the district; if state court, name the county):
  Western District of North Carolina, Asheville, N.C.

  3. Date lawsuit filed: 4/24/2019
  4. Docket number: 1:19-CV-137

5. Name of Judge to whom case was assigned: Martin Reidinger

6. Disposition (Was case dismissed? Appealed? Is it still pending? What relief was granted, if any?) : Granted order of stay scheduled Jury Trail 9/22/2022

## III. GRIEVANCE PROCEDURE

A. At what institution did the events concerning your current complaint take place: Prince William- Manassas Regional Adult Center

B. Does the institution listed in "A" have a grievance procedure? Yes [✓] No [ ]

C. If your answer to "B" is Yes:

1. Did you file a grievance based on this complaint? Yes [✓] No [ ]

2. If so, where and when: Prince William control # 21-00408; #21-01634 2-14-21,

3. What was the result? Sgt. Darling spoke about issues apologizing; Lt. Creighton responded she spoke to me several times and that DOC was deceiving me.

4. Did you appeal? Yes [✓] No [ ]

5. Result of appeal: Maj Osbourne responded "due to extenuating circumstances you may have worked more consecutive days than you should. If Work Force is too hard you do not have to remain. No policy will be given on VA DOC working policies." (cont'd attached paper)

D. If there was no prison grievance procedure in the institution, did you Grievance passed 5 day appeal complain to the prison authorities? Yes [ ] No [ ]   process (over 7 business days)

If your answer is Yes, what steps did you take? _____

E. If your answer is No, explain why you did not submit your complaint to the prison authorities:

## IV. STATEMENT OF THE CLAIM

State here the facts of your case. Describe how each defendant is involved and how you were harmed by their action. Also include the dates, places of events, and constitutional amendments you allege were violated.

If you intend to allege several related claims, number and set forth each claim in a separate paragraph. Attach additional sheets if necessary.

1. Approximately January 26, 2021 inmates enrolled in the Work Force program was denied the proper procedural due process, Creating a liberty interest being given the option either work as essential workers in the main and modular Kitchen or being removed from the transitional re-entry Work Force program, which is supposed to be a precursor to Work Release. During the entire time from January 26, 2021 - March 6, 2021 the whole jail population was quarantined besides 8 Work Force inmates. These 8 inmates were subjected to treatment and conditions atypical with a significant hardship in relation to ordinary incidents of prison life. Officials and jail staff showed a deliberate indifference to exposing us to unreasonable risks of serious harm, depriving basic human needs, as inmates worked over 20 plus consecutive days, 12 hour shifts in a Kitchen around outside staff who originally caused the COVID-19 outbreak. No contact tracing was done

and inmates were placed in aggravated and dangerous conditions. Col. Peter Meletis (Superintendent), Cpt. Allen West, overseeing inmate security were complicit to placing us in these exploitable conditions, failing to protect us and refusing to hear our concerns. When I, Julius Hodges would speak up voicing concerns, I was told by Sgt. Noqvi, Sgt. Simpson, and Cpt. DePoy to stop complaining and this is what I signed up for. When asked to speak to Cpt. West through the proper chain of command to voice COVID concerns and potential hazardous working conditions, mine and all other Work force inquries went ignored. Sgt. Noqvi then verbally promised to all Work force inmates he would qoute, "Put his heart and soul" into writing us each individual letters to ensure our transition to Work Release. Unfortunately we never received these letters from Sgt. Noqvi who claimed his relationship with DOC would hold weight. Instead, after several months of these promises, (Approx. May 2021) we received a very generic letter from Lt. Creighton (which will later be submitted during Discovery process as evidence, if claim survives initial review) not stating the severities of conditions we were subjected to and not holding any weight towards the process of our transition. Since this time several inmates have leap frogged Work force from general population straight to Work Release. The normal conditions for central kitchen trustees are as follows; 12-15 A.M workers, 10 p.m. workers; modular kitchen trustees, 8 A.M workers, and 6 P.M. workers. From January 26 2021 - March 2021, 11 Work Force inmates performed the duties of 36-39 regular trustee A.M./P.M shifts. Since this time after work duties and potential exposure to COVID has continued. As COVID variants have continued; Work force have been travelling to Ebernezzar Church located in Woodbridge, VA; EVOC Police training Academy located in Bristow, VA, and other surrounding areas cutting grass and generating money for the jail at the expense of free labor and potentially exposing inmates to COVID and increasing work

## IV. STATEMENT OF THE CLAIM (cont'd)

duties. On July 20, 2021 Lt. Creighton signed a new contract requiring more work at Ebenezzar Church like branch removal, bush hedging, weed removal. Also we were required to get on our hands and knees and scrub urinals and bathroom tiles of public and officer restrooms by direct orders of Cpt. West. Some days we woke up at 5am to cut grass, then unload delivery trucks, then clean bathrooms and lobbies. Several days we have cut in over 98° degree to 100° degree heat yet denied outside recreation at 7:30pm if it was over 90° with the heat index. However not one time this whole grass cutting season have we not gone outside to cut grass because it was too hot.

2. Second claim is of Discrimination and my denial of a proper procedural process, and due process under equal protection clause. So approximately July 2020 I was reached out to on two separate occassions to consider applying to the Work force program by admission officers MJO Thompson, and then MJO now Sgt. Callahan. We I decided to agree it was written and highlighted on my reference list I would be moved to Work Release as soon as I reached 18 months. I then agreed to participate in Work force program under the premiss of the oral and written agreement of participation to ensure an opportunity at Work Release. However upon inquiry of Work Release status approaching my 18 month mark addressed to MJO Callahan on January 19, 2021, MJO Callahan responded "Per DOC you are not approved for Work Release." So my aunt, sister, mom, and friend reached out to DOC to find out why my status was denied. Then Mr. Mike Combs informed my aunt it was up to the jail for my admission to Work Release. When relaying this message to admission officers they changed the narrative again saying DOC said to resubmit my paper work which was supposely done around March 2021

only to receive a letter from Lt. Creighton on May 28, 2021, "Dear Mr. Hodges, based upon my written request with three of you to Department of Corrections, you have not been authorized or approved by the Department of Corrections for any unsupervised community program. I received an email from the Department of Corrections." So I then wrote directly to DOC/Mr. Mike Combs attempting to receive clarity as to why I was denied to a program I successfully completed two times prior, on June 4, 2021. I explained my charges of larceny of a vehicle in North Carolina should not prohibit me from the criteria of the six must have in PWC's SOP Work Release Admission. My letter was received July 22, 2021 by office of the Director of Offender Management Services and responded to July 30, 2021 in direct contradiction to Lt. Creighton's and Sgt. Callahans previous statements I was denied by DOC. The response by DOC is as follows: "You will only be reviewed to determine if you meet the criteria for work release if you have been requested for the program by the jail. Ask the program coordinator at the jail if they have the program and if so, do you qualify for their work release program. If you meet their requirements, a request will be sent in for you to be reviewed by the Virginia Department of Corrections (VADOC). Once the jail accepts you for placement, you will receive a contract from the jail. The initial Approval for Work Release is a preliminary action, pending the finial decision of the jail authority. The VADOC does not have jurisdiction over jails." I immediately brought it to Lt. Creighton and Cpt. West attention and Lt. Creighton stated DOC writing that letter made her look like she was lying took my letters and said she'll get back to me. Cpt. West said it was a generic letter and DOC denied me twice. So After a little over a week of Lt. Creighton having my only copy of my response from DOC, I wrote a greivance on discrimination based

IV. STATEMENT OF THE CLAIM (cont'd)

on personal bias and not being given a proper proceducal process. Lt Creighton oversaw the grievance responded again stating I was denied by DOC, and sent my paper work back to me through Work Release officers stating, "Shes done with me" and I needed to humble myself, making it out as if I was wrong for following the proper greivance procedure. My comparison complaint of discrimination of personal bias is the precendence of me having a charge outside of Virginia could not be valid when I personally wrote letters for an inmate J. Whyne who had done DOC prison time in the state of Texas. As well as at least 3 gang members transitioning to Work Release since my participation which had to be over-rode and is an alert place on inmates by Virginia State Police. I personally wrote for a few gang member participates to be removed. So in my closing opinion I was colluded against by staff mentioned in this complaint allowing personal bias to cloud professional judgement because of my freedom of speech I applied to the unjust treatment of Work force inmates during Pandemic. I argue if I was denied in August 2020 by DOC for Work Release, why was I not informed then, but instead deceived to invest 13 months of free labor thus far to the benefit of the jail? I have maintained patience and performed my duties to the best of my abilities, to have narratives change every few months. This is a reoccuring issue for all inmates and now I respectfully seek accountability and relief.

Constitutional Amendments:

1. Freedom or abridging my freedom of speech, expression thereof
8. Cruel and unusual punishment inflicted
14. Deprive due process, and equal protection of the laws

## V. RELIEF

I understand that in a Section 1983 action the Court cannot change my sentence, release me from custody or restore good time. I understand I should file a petition for a writ of habeas corpus if I desire this type of relief. _SH_ (please initial)

The plaintiff wants the Court to: (check those remedies you seek)

✓ Award money damages in the amount of $ _Retrospective & Prospective monetary relief determine by a jury- COVID Compensation, DOCVA worker pay for all days worked_

✓ Grant injunctive relief by _Mutual accomodation policy for transition of inmates from work force to Work Release in admission process, Counselors for rep of DOC inmates; Public oversight for Work Release/Work Budget; Public oversight_

✓ Other _to jail contracts, Unbias greivance process; Protection against retailitory conduct of removal from Program/transfer_

## VI. PLACES OF INCARCERATION

Please list the institutions at which you were incarcerated during the last six months. If you were transferred during this period, list the date(s) of transfer. Provide an address for each institution.

_The Prince William - Manassas Regional Adult Detention Center_
_9320 Lee Avenue_
_Manassas, Virginia 20110_

## VII. CONSENT

CONSENT TO TRIAL BY A MAGISTRATE JUDGE: The parties are advised of their right, pursuant to 28 U.S.C. § 636(c), to have a U.S. Magistrate Judge preside over a trial, with appeal to the U.S. Court of Appeals for the Fourth Circuit.

**Do you consent to proceed before a U.S. Magistrate Judge:** Yes [✓] No [ ]. You may consent at any time; however, an early consent is encouraged.

## VIII. SIGNATURE

If there is more than one plaintiff, each plaintiff must sign for himself or herself.

Signed this _6_ day of _September_, 20 _21_.

Plaintiff _[signature]_